Charles W. HARRIS, Jr.,
Plaintiff-Appellant,

v.

LOCKHEED AIRCRAFT
CORPORATION,
Defendant-Appellee.

No. 76–1725.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 30, 1977.

Decided Feb. 28, 1978.

B. Stewart Jenkins, Crutchfield, Moore & Jenkins, Chattanooga, Tenn., for plaintiff-appellant.

Charles W. Lusk, Jr., Hall, Haynes, Lusk & Foster, Chattanooga, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and KEITH, Circuit Judges.

PHILLIPS, Chief Judge.

This appeal involves the amount of retirement benefits to be paid to employees of the Lockheed Aircraft Corporation at the plant in Chattanooga, Tennessee. District Judge Timothy S. Hogan [1] held that the Chattanooga employees are entitled only to benefits provided by their own collective bargaining agreement. Appellant in this class action for declaratory judgment contends that the Chattanooga employees are entitled to more liberal benefits negotiated by another union and its locals at other Lockheed plants.

We affirm.

Lockheed purchased its Chattanooga plant on February 11, 1966, from Wheland Division of Gordan Street, Inc. At the time of the purchase, a collective bargaining agreement was in effect between Wheland and Local Union No. 176 of the International Union, Allied Industrial Workers of America, AFL–CIO (AIWA) (hereinafter sometimes referred to as Local 176). Local 176 continued to represent the employees of the Chattanooga facility after the purchase by Lockheed. By an exchange of letters on January 20, 1966, and January 25, 1966, shortly before the Lockheed purchase, Lockheed agreed that it would assume and be bound by the provisions of the then existing collective bargaining agreement between Wheland and Local 176 of the AIWA.

During the fall of 1967, negotiations were conducted between Local 176 and Lockheed in regard to amendments and changes to the collective bargaining agreement (hereinafter sometimes referred to as the agreement), effective November 13, 1967, through July 31, 1970.[2] Although the agreement noted that "the Lockheed Aircraft Corporation Retirement Plan for Certain Hourly Employees" (hereinafter sometimes referred to as Retirement Plan) would be extended to employees at the Chattanooga plant, a separate "Agreement for a Retirement Plan" was entered into by the parties on the same date regarding the Retirement Plan. This second agreement of November 13, 1967, provided in part:

[T]he provisions of said Lockheed Aircraft Corporation Retirement Plan for Certain Hourly Employees as that plan is in effect on December 25, 1967, shall be made available, effective December 25, 1967, with the exceptions provided below for amendment of said Retirement Plan as it applies to employees covered by the collective bargaining agreement of November 13, 1967, between the Company and the Union.

\*   \*   \*   \*   \*   \*

This Agreement shall, for its duration, constitute the sole Agreement between the Company and the Union with respect to a retirement plan and a medical benefit plan.

\*   \*   \*   \*   \*   \*

This Agreement shall remain in effect for the same period as the collective bargaining agreement of November 13, 1967, between the Company and the Union and may be opened for modification, amendment, or termination at the same time

---

1. Of the Southern District of Ohio, sitting by designation.

2. The agreement provided that it would be renewed automatically from year to year after July 31, 1970, unless at least 60 days and no more than 90 days before the termination of the agreement, either party notified the other of their intent to amend, add to or terminate the agreement.

and under the same conditions as provided for in said collective bargaining agreement of November 13, 1967.

In order to implement the benefits of the retirement plan agreements between Local 176 of the AIWA and Lockheed, the Board of Directors of Lockheed adopted an amendment, effective December 25, 1967, to the "Lockheed Aircraft Corporation Retirement Plan for Certain Hourly Employees." This amendment was attached to a booklet entitled "Lockheed Retirement Plan for Hourly Employees" distributed to employees at the Chattanooga plant.

Desiring to avoid labor disruption as the July 31, 1970 termination date approached, Lockheed and Local 176 began extensive collective bargaining negotiations in the spring of 1970. The district court found that the subject of improving retirement benefits was raised by the Union and was the subject of conscious and serious negotiations between the Union and the employer. This finding is fully supported by the record.

During the 1970 negotiations, Lockheed contended that the costs incurred by it in improving retirement benefits would be substantially higher than the benefit that would be realized by a majority of the Chattanooga employees. Judge Hogan made findings of fact that, after extensive negotiations, "the union dropped the pension retirement change matter"; that the Union and Lockheed "in 1970 considered and rejected what the plaintiffs in this case seeks"; and that the 1970 collective bargaining agreement did not contain any provision for increased retirement benefits.

The argument of appellant focuses, not on the agreements between Local 176 and AIWA and Lockheed, but on agreements between Lockheed and other unions. Of the estimated 30,000 workers in Lockheed plants over the world, only the approximately 150 workers at the Chattanooga plant are represented by the International Union, Allied Industrial Workers of America, AFL–CIO (AIWA). Most of the Lockheed employees at other plants are represented by the International Association of Machinists and Aerospace Workers (hereinafter referred to as IAM & AW).

During the period between November 13, 1967, and August 1, 1970, numerous individual local unions of the IAM & AW at Lockheed locations around the world negotiated agreements with Lockheed improving the retirement benefits specified in the "Lockheed Aircraft Corporation Retirement Plan for Certain Hourly Employees." In spite of the fact that those agreements were entered into between Lockheed and the particular local union negotiating the increased retirement benefits, appellant contends that Lockheed has only one retirement plan and that when one union negotiates an increase in retirement benefits for its members, the increased benefits should be available to Lockheed employees at all locations.

We agree with the district court that appellant's contention is without merit. Although Lockheed has only one retirement plan, entitled "Lockheed Aircraft Corporation Retirement Plan for Certain Hourly Employees," appellant's argument fails to take into account the fact that local unions representing employees at individual Lockheed plants have negotiated separately for the benefits that their own union members will receive under the Lockheed retirement plan.

The district court found that during the years 1968 and 1969, Lockheed entered into at least 18 separate agreements with different locals pertaining to increasing retirement benefits. Although many of these agreements were substantially identical, each agreement referred exclusively to the individual local union negotiating the agreement. From the standpoint of the local unions, it was clear that each of them bargained for the increased retirement benefits of its own members; otherwise, 18 separate agreements would not have been necessary. Judge Hogan said in its findings of fact:

It is difficult to understand why it would be necessary for each separate union to enter into a separate agreement if the plaintiffs' interpretation of the agreement is correct—i. e., that an amendment negotiated by one union applied to all.

Generally, a certified union is authorized to bargain only for those employees in the appropriate bargaining unit. *See Local 620, Allied Industrial Workers of America, AFL–CIO v. N. L. R. B.*, 375 F.2d 707, 710 (6th Cir. 1967). *See also N. L. R. B. v. Security-Columbian Banknote Co.*, 541 F.2d 135 (3rd Cir. 1976); *N. L. R. B. v. Food Employers Council, Inc.*, 399 F.2d 501 (9th Cir. 1968); 29 U.S.C. § 159(b) (1973).

The agreements entered into between Lockheed and Local 176 of the AIWA indicate that the parties intended that the retirement benefits remain as specified in the November 13, 1967 "Agreement for a Retirement Plan" and the amendment to the retirement plan effective December 25, 1967. This 1967 agreement stated that modification, amendment or termination of the agreement would be under the same conditions as the other agreement of November 13, 1967, the formal collective bargaining agreement. Although the formal agreement required a 60 to 90 day written notice by either party of its desire to alter the agreement, no modification notice was given by either party regarding the "Agreement for a Retirement Plan."

The district court found that the August 1, 1970 collective bargaining agreement recognized that the 1967 Agreement for a Retirement Plan governed appellant's retirement benefits. We agree with the district court that "this is basically a simple contract case" and that the contract is not ambiguous. Assuming that the agreement between Lockheed and Local 176 was ambiguous, this court has said in *Rudd-Melikian, Inc. v. Merritt*, 282 F.2d 924, 928 (6th Cir. 1960):

A contract is to be construed as a whole so as to ascertain and give effect to the true intent of the parties, and the circumstances under which the contract was executed and the conduct of the parties thereafter can be considered by the Court in determining what their intention was, without it being a violation of the parol evidence rule. * * *

In the determination of the meaning of an indefinite or ambiguous contract, the interpretation placed upon the contract by the parties themselves is given great weight by the Court, not to vary the terms of the written instrument, but to make definite that which the wording of the contract has left indefinite (citations omitted).

The actions of the parties and the language of the 1970 agreement convinced Judge Hogan that the retirement plan as it existed December 25, 1967, governed the amount of retirement benefits to which employees at the Chattanooga plant are entitled, and that "the amendments to the retirement plan negotiated by other unions at other facilities did not apply to the plaintiff" and other employees at the Chattanooga plant. We conclude that the findings of fact of Judge Hogan are not clearly erroneous, Fed.R.Civ.P. 52(a), and that his conclusions of law are correct.

Affirmèd.